IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Henry Lee Robinson, Jr.,<br><br>      Petitioner,<br><br>v.<br><br>Robert H. Mauney, Warden of<br>Northside Correctional Institution,<br><br>      Respondent. | Civil Action No. 8:07-61-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry # 10) and the petitioner's motion for summary judgment (Docket Entry # 12).

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

  The petitioner brought this habeas action on December 27, 2006.[1] On April 11, 2007, the respondent moved for summary judgment. By order filed April 12, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 20, 2007, the petitioner filed a response. Prior to that on May 23, 2007, the petitioner also filed his own motion for judgment on the pleadings.

---

[1] The undersigned is giving the petitioner the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-276 (1988)(holidng prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). (Pet. Ex. 8.)

**PROCEDURAL FACTS**

The petitioner is currently a state prisoner incarcerated in Livesay Correctional Institution. (Docket Entry # 15 - Change of Address.) In August 2001, the petitioner was indicted for possession with intent to distribute crack cocaine. (PCR App. 117.) Attorney Timothy Sullivan represented the petitioner. On December 2, 2002, the petitioner pled guilty and was sentenced to ten years imprisonment to run concurrently with an existing sentence. (PCR App. 19- 21.)[2] The petitioner did not file a direct appeal. On July 1, 2003, the petitioner filed a pro se application for post-conviction relief ("PCR") raising the following claims:

> 1) Ineffective Assistance of Counsel - Sixth Amendment Violations;
> 2) Lack Subject-Matter Jurisdiction S.C. Const. Art. 1§ 3, and,
> 3) The 14 Amendment Violations - Guilty Plea was not freely given.

(PCR App. 25.) On March 31, 2004, the petitioner amended his PCR application to state the following claims:

> 1) Denied Due Process without Subject Matter Jurisdiction;
> 2) Ineffective Assistance of Counsel;
> 3) Involuntary Plea.

(PCR App. 58.) On April 22, 2004, a hearing was held before the Honorable Edward W. Miller. On June 7, 2004, Judge Miller denied the petitioner relief. (PCR App. 100-104.) The petitioner appealed. On January 13, 2005, petitioner's appellate counsel filed a Johnson Petition for Writ of Certiorari in the South Carolina Supreme Court raising only the following issue: Was trial counsel ineffective for failing to advise petitioner that he would be

---

[2]On October 13, 1999, the petitioner had pled guilty to two counts of possession of crack cocaine first offense and was sentenced to three years on one count and a consecutive sentence of three years suspended on three years probation on the other count. (PCR App. 3; 8, 75.) When he pled guilty in 2002, he was serving the second three year sentence as his probation had been revoked. (*Id.* at 20.)

required to complete a mandatory community supervision program after serving the full term of his no-parole sentence? (Return Pt. 4.)

On May 11, 2005, the petitioner filed a pro se petition raising the following issues:

1) Was trial counsel ineffective for failing to properly advise petitioner about waiving presentment of his indictment to the Grand Jury. Did the Circuit Court have Subject Matter Jurisdiction when accepting petitioner guilty plea.

2) The circuit court lacked subject matter jurisdiction because the indictment #2001GS2305890 fail to allege all of the elements of the crime.

(PCR App. 58.)

On January 1, 2006, the petitioner filed a Motion to Correct Illegal Sentence with the South Carolina Supreme Court which was denied on February 15, 2006. (Return Pt. 7.) The petitioner filed a petition for rehearing which the South Carolina Supreme Court denied on March 22, 2006. (Return Pts. 8-9.)

On December 27, 2006, the petitioner filed this action for habeas relief raising the following grounds:

> **Ground One:** Ineffective assistance of counsel, Sixth Amendment violation, applied to the state through the 14 Amendment
> **Supporting Facts:** Trial counsel fail to object to indictment 2001-GS-23-5890 which was impermissible amendment and allowed the uniform Petitioner to plea guilty to a greater charge than the one found in his indictment, and counsel failure to file a timely motion to suppress the only evident pertaining to his innocent or guilt
>
> **Ground Two:** The Court was without subject-matter-jurisdiction to accept the Petitioner's guilty plea to unindicted charge.
> **Supporting Facts:** The Petitioner indictment did charge the offense he pled guilty to.
>
> **Ground Three:** Petitioner's guilty plea was not knowingly, voluntarily, and Intelligently made.
> **Supporting Facts:** Because of the ineffective assistance at his guilty plea, the trial counsel failure to provide effective assistance during adversary process, without such ineffective assistance the

> Petitioner would not have plead guilty, because the results would have been different.

(Pet. 6-9.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that

4

specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Statute of Limitations**

First, the respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing habeas petitions. Th undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).  The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within ten days of his conviction.  Rule 203(b)(2), SCACR.  If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999).

The petitioner pled guilty on December 2, 2002, and because he did file a direct appeal, his conviction became final ten days later on December 12, 2002.  On July 1, 2003, the petitioner filed for PCR.  Therefore, at that time, two hundred and one (201) days had lapsed leaving the petitioner 164 days to file for habeas relief.  The petitioner's state PCR action concluded on March 22, 2006, when the Supreme Court of South Carolina issued its remittitur.  This restarted the clock and the petitioner then had 164 days within which to file this habeas action, or by September 2, 2006.  *See Harris*, 209 F.3d at 327.  However,

the petitioner the did not file this habeas action until December 27, 2006.[3]  Accordingly, this habeas action is time barred.

The petitioner argues that the recent Supreme Court opinion in *Georgia v. Randolph*, 547 U.S. 103 (2006), allows him to avoid the time bar. (Pet.14).  However, this case is inapplicable to the petitioner's case.   First, in deciding *Randolph*, the Supreme Court did not make it retroactive to cases on collateral review.  There is no language suggesting it should be retroactive to cases on collateral review, nor has there been any indication by the Supreme Court since *Randolph* (or by any other court, for that matter) that the decision should be applied retroactively to state convictions already final at the time of the decision. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (holding that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

Further, *Randolph* is inapplicable to the facts of this case.  In *Randolph*, the Supreme Court ruled that a warrantless search was unreasonable as to a defendant who was physically present and expressly refused to consent in spite of co-tenant's consent to the search. 126 S.Ct. 1515. However, here, while the petitioner's wife consented to a search of the house, the petitioner did not refuse to consent.  The police were called to the apartment of the petitioner and his wife by the petitioner's wife. (PCR App. 19.)  The petitioner had been drinking and had fired a gun. (*Id.*)  The wife consented to a search of the apartment and the gun was found. (*Id.*)  The respondent contends the police searched a bag the petitioner was clutching as an incident to his arrest and discovered the drugs. (PCR App.  20.)  The petitioner contends he was not holding the bag and it was found in a trash can in a bathroom.  In any event, the petitioner does not dispute that his wife

---

[3]*See* n. 1, infra.

consented to a search of the house and he did not object. Accordingly, *Randolph* is inapplicable.

As to the petitioner's argument that he is entitled to an equitable tolling of the time period, the court finds these arguments without merit. To be entitled to equitable tolling, the petitioner must show that there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant and in the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file his claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. The petitioner has not set forth any such extraordinary circumstances.

The petitioner argues that a lack of time in the law library prevented him from timely filing his habeas action. However, the petitioner's lack of access to legal materials is an insufficient basis upon which to invoke equitable tolling. *Harris*, 209 F.3d at 330-31 (*citing Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991)). *See also Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001)(rejecting claim of equitable tolling based on allegation of law library deficiency where petitioner failed to show independent efforts or that prison somehow thwarted his efforts); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(holding claim of insufficient access to relevant law does support equitable tolling). Accordingly, the undersigned finds this habeas petition is

untimely and should be dismissed. Alternatively, the habeas action should be dismissed on the merits as discussed below.[4]

*Ground One*

In Ground One, the petitioner alleges ineffective assistance of counsel. The petitioner contends trial counsel failed to object to the indictment which alleged a third drug offense and failed to timely move to suppress the drug evidence. (Pet. at 6). The respondent concedes that the petitioner has exhausted the issue regarding the indictment, but not the second issue regarding suppression of evidence. In any event, the respondent contends the claims are without merit.

To show counsel was ineffective in regard to a guilty plea, a petitioner must show two things: 1) that counsel's representation "fell below an objective standard of reasonableness," and 2) "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Beck v. Angelone*, 261 F.3d 377, 394 (4th Cir. 2001)(*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The petitioner bears the burden of proving error and prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

---

[4] In his reply memorandum, the petitioner contends he is actually innocent. Initially the undersigned notes that an actual innocence claim is a procedural gateway to assert an otherwise defaulted claim. While some courts recognize an "actual innocence" ground for equitable tolling of the one year period, the Fourth Circuit has not. *See Doe v. Menefee*, 391 F.3d 147 (2nd Cir. 2004); *Souter v. Jones,* 395 F.3d 577 (6th Cir.2005). In any event, in order to raise actual innocence, the petitioner must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*quoting Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)). Here, there is no new evidence. The petitioner's claims are not based on any evidence that was not reasonably available to him prior to the expiration of the statutory period of limitations and would not toll the statute of limitations.

9

In regard to failing to challenge the indictment for a third offense, during the PCR hearing, the petitioner admitted he had at least three prior drug convictions: two prior drug offense from 1998 and 1999, and another drug conviction thirty-years prior to the hearing. (PCR App. 85.)  The PCR judge found that the petitioner acknowledged that he "should have been indicted for a third offense" based upon his prior record. (PCR App. 102.)  The PCR judge found that the petitioner had failed to show that counsel's representation was unreasonable. (PCR App. 103). The record supports this conclusion. Additionally, deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process. *Ashford v. Edwards,* 780 F.2d 405 (4th Cir. 1985). Accordingly, this issue should be summarily dismissed.

As for the issue regarding whether trial counsel was ineffective for failing to attempt to suppress the evidence, the petitioner contends because the house was searched upon his wife's consent, the drugs should have been suppressed.[5]  The petitioner cites *Georgia v. Randolph.* The petitioner's reliance on *Georgia v. Randolph* is again misplaced as it is inapplicable. *Randolph* addresses searches consented to be one resident of a dwelling over the objection by another resident. 547 U.S. at ____, 126 S.Ct. at 1526 ("We therefore hold that a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident.") There is no evidence in the record that the petitioner objected to the search.   Accordingly, this issue is without merit.

---

[5]The respondent contends the search was conducted incident to the petitioner's arrest. For the purposes of this analysis only, the undersigned will assume that the search was conducted as the petitioner alleges.

***Ground Two***

In Ground Two, the petitioner contends the court was without subject matter jurisdiction to accept the petitioner's guilty plea to an unindicted charge. Specifically, the petitioner claims the indictment was insufficient. (Pet. 7.) The petitioner has failed to state a claim upon which habeas relief may be granted. As stated above, deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process. *Ashford v. Edwards,* 780 F.2d 405 (4th Cir. 1985). In order to qualify for federal habeas relief, the petitioner must allege error based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Subject matter jurisdiction is a state law issue and issues challenging state law matters are not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone,* 151 F.3d 151, 158 (4th Cir. 1998)(holding jurisdiction is a matter of state law). Additionally, the court notes that under South Carolina law, an indictment is a notice document and does not create subject matter jurisdiction. *State v. Gentry*, 610 S.E.2d 494, 498-500 (S.C. 2005)(holding indictment does not affect subject matter jurisdiction as subject matter jurisdiction refers only to the class of cases a court may hear). Accordingly, this claim is without merit.

***Ground Three***

In Ground Three, the petitioner alleges ineffective assistance of counsel rendered his guilty plea involuntarily. (Pet. 9.) The respondent contends counsel was not ineffective The record supports the plea was knowingly and voluntarily entered. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969) (requiring the record reflect the defendant voluntarily and understandingly enters his guilty plea by inquiry of same). The record shows the petitioner was informed of the constitutional rights he waived by pleading guilty, the nature

of the charges, and the potential sentence.  The record also shows that the plea was given freely and voluntary.   (PCR App. 13-20.)  Accordingly, this issue is without merit.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (#10) be GRANTED and the Petitioner's Motion for Summary Judgment (#12) be DENIED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

November 16, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).