IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC

2008 MAR 24  P 12: 42

| | |
|---|---|
| Henry Lee Robinson, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:07-61-SB |
| v. ) | |
| ) | **ORDER** |
| Robert H. Mauney, Warden of ) | |
| Northside Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner Henry Lee Robinson's ("Robinson" or "the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a Report and Recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge Bruce Howe Hendricks recommends that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections, and the matter is now ripe for review.

## BACKGROUND



The Petitioner is currently a state prisoner incarcerated at Livesay Correctional Institution. In August of 2001, the Petitioner was indicted for possession with intent to distribute crack cocaine. Attorney Timothy Sullivan represented the Petitioner, and on December 2, 2002, the Petitioner pleaded guilty and was sentenced to ten years

imprisonment to run concurrently with an existing sentence.[1] The Petitioner did not file a direct appeal, but on July 1, 2003, the Petitioner did file a petition for post-conviction relief ("PCR"), raising the following claims:

1. Ineffective Assistance of Counsel - Sixth Amendment Violations;
2. Lack Subject-Matter Jurisdiction S.C. Const. Art. 1 § 3, and:
3. The 14 Amendment Violations - Guilty Plea was not freely given.

(PCR App. at 25.) On March 31, 2004, the Petitioner amended his PCR application to state the following claims:

1. Denied Due Process without Subject Matter Jurisdiction;
2. Ineffective Assistance of Counsel;
3. Involuntary Plea.

(PCR App. at 58.) On April 22, 2004, a hearing was held before the Honorable Edward W. Miller. On June 7, 2004, Judge Miller denied the Petitioner's petition for PCR. The Petitioner appealed Judge Miller's denial, and on January 13, 2005, Petitioner's appellate counsel filed a Johnson petition for a writ of certiorari in the South Carolina Supreme Court raising only the following issue: Was trial counsel ineffective for failing to advise the Petitioner that he would be required to complete a mandatory minimum community supervision program after serving the full term of his no-parole sentence?

On May 11, 2005, the Petitioner filed a *pro se* petition raising the following issues:

1. Was trial counsel ineffective for failing to properly advise petitioner about waiving presentment of his indictment to the Grand Jury. Did the Circuit Court have Subject Matter Jurisdiction when accepting

---

[1] On October 13, 1999, the Petitioner pleaded guilty to two counts of possession of crack cocaine first offense and was sentenced to three years on one count and a consecutive sentence of three years suspended on three years probation on the second count. When he pleaded guilty to possession with intent to distribute crack cocaine on December 2, 2002, he was serving the second three-year sentence because his probation had been revoked.

2

>
> petitioner['s] guilty plea.
>
> 2. The circuit court lacked subject matter jurisdiction because the indictment #2001GS2305890 fail to allege all of the elements of the crime.

(PCR App. at 58.)

On January 1, 2006, the Petitioner filed a Motion to Correct Illegal Sentence with the South Carolina Supreme Court, which was denied on February 15, 2006. The Petitioner field a petition for rehearing, which the South Carolina Supreme Court denied on March 22, 2006.

On December 27, 2006, the Petitioner filed this action for habeas corpus relief, raising the following grounds:

> **Ground One:** Ineffective assistance of counsel, Sixth Amendment violation, applies to the state through the 14 Amendment
> **Supporting Facts:** Trial counsel fail to object to indictment 2001-GS-5890 which was impermissible amendment and allowed the uniform Petitioner to plea guilty to a greater charge than the one found in his indictment, and counsel failure to file a timely motion to suppress the only evident pertaining to his innocence or guilt
>
> **Ground Two:** The Court was without subject-matter-jurisdiction to accept the Petitioner's guilty plea to unindicted charge.
> **Supporting Facts:** The Petitioner indictment did [not] charge the offenses he pled guilty to.
>
> **Ground Three:** Petitioner's guilty plea was nit knowingly, voluntarily, and intelligently made.
> **Supporting Facts:** Because of the ineffective assistance at his guilty plea, the trial counsel failure to provide effective assistance during adversary process, without such ineffective assistance the Petitioner would not have plead guilty, because the results would have been different.

(Pet. at 6-9.)

On April 11, 2007, the Respondent filed a motion for summary judgment, to which

the Petitioner responded with his own motion for summary judgment. On November 16, 2007, the Magistrate Judge filed her R&R, recommending that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's motion.

## STANDARD OF REVIEW

### I.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.     Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and therefore, the Court adopts the R&R.

## DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their . . . § 2255 motion[s]." Brown v. Angelone, 150 F.3d 370, 375 (4th Cir.1998). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari,

5

or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, as previously set forth, the Petitioner pleaded guilty on December 2, 2002, and he did not file a direct appeal. Therefore, his conviction became final ten days later. Then, some 200 days after his conviction became final, on July 1, 2003, the Petitioner filed a PCR application, which action concluded on March 22, 2006, when the South Carolina Supreme Court issued its remittitur. Excusing the period of state post-conviction proceedings, the Petitioner had approximately 165 days – or in other words, until the beginning of September of 2006 – within which to timely file this habeas action. However, the Petitioner did not file the present action until December 27, 2006, almost four months too late. Therefore, as the Magistrate Judge concluded, the present § 2254 petition is time-barred.

The Petitioner objects to his petition being dismissed as untimely; rather, he asserts that his petition was timely in light of the Supreme Court's decision in Georgia v. Randolph, 547 U.S. 103 (2006). However, as the Magistrate Judge noted, in deciding Randolph, the Supreme Court did not make it retroactive to cases on collateral review, and there is no indication in Randolph, or in any case since Randolph, that it should be applied retroactively to cases on collateral review.

Moreover, as the Magistrate Judge also noted, Randolph appears to be inapplicable to the facts of this case. In Randolph, the defendant's estranged wife consented to the search of the marital residence, but the defendant, who was present, expressly and unequivocally refused to give consent to search the residence. Id. at 121. Under these

6

facts, the Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." Id. at 120. Here, the facts are distinguishable from Randolph because the Petitioner admits that his wife consented to the search and does not contend that he expressly objected.

In addition, as the Magistrate Judge concluded, the Petitioner has not shown that he is entitled to equitable tolling of the one-year statute of limitations. Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Here, the Petitioner objects that he has presented extraordinary circumstances because the Supreme Court decided Randolph on the same date the South Carolina Supreme Court sent down the remittitur in his case. However, for the reasons already discussed, the Court finds that the Petitioner's reliance on Randolph is unavailing. In short, the Court finds that the Petitioner has not presented any extraordinary circumstances beyond his control that prevented him from filing on time. Therefore, upon a review of the record, the Court finds that principles of equitable tolling do not salvage the Petitioner's § 2254 petition.

Finally, to the extent that the Petitioner claims that he is actually innocent, the Court notes that the Petitioner must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. See Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28(1995)). Here, the Petitioner has

pointed to no new evidence not presented at trial and that was not reasonably available to him prior to the expiration of the statutory period of limitations. Therefore, his claim of actual innocence must fail.[2]

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted and incorporated herein; the Petitioner's objections are overruled; the Respondent's motion for summary judgment (Doc. # 10) is granted; the Petitioner's motion for summary judgment (Doc. # 12) is denied; and any remaining motions are denied as moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 24, 2008
Charleston, South Carolina

#8

---

[2] Because the Court finds the Petitioner's § 2254 petition to be untimely, the Court need not address the merits of the Petitioner's claims. However, for practical purposes, the Court notes that it agrees with the Magistrate Judge's alternative conclusion that the Petitioner's three grounds for relief are without merit, and the Court finds nothing in the Petitioner's written objections to indicate otherwise.